JOHN T. JASNOCH (CA 281605)
HAL CUNNINGHAM (CA 243048)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565
jjasnoch@scott-scott.com
hcunningham@scott-scott.com

*Counsel for Plaintiff Mohan R. Sundaram
and the Proposed Class*

[Additional counsel on signature page.]

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAN R. SUNDARAM, Individually and on Behalf of All Others Similarly Situated, | Case No. _____ |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| FRESHWORKS INC., RATHNA GIRISH MATHRUBOOTHAM, TYLER SLOAT, ROXANNE S. AUSTIN, JOHANNA FLOWER, SAMEER GANDHI, RANDY GOTTFRIED, ZACHARY NELSON, BARRY PADGETT, JENNIFER TAYLOR, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., JEFFERIES LLC, BARCLAYS CAPITAL INC., ROBERT W. BAIRD & CO. INCORPORATED, CANACCORD GENUITY LLC, JMP SECURITIES LLC, NEEDHAM & COMPANY, LLC, NOMURA SECURITIES INTERNATIONAL, INC., OPPENHEIMER & CO. INC., PIPER SANDLER & CO., RAYMOND JAMES & ASSOCIATES, INC., AMERIVET SECURITIES, INC., CASTLEOAK SECURITIES, L.P., SAMUEL A. RAMIREZ & COMPANY, INC., and R. SEELAUS & CO., LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

1    Plaintiff Mohan R. Sundaram ("Plaintiff") makes the following allegations, individually

2    and on behalf of all others similarly situated, by and through Plaintiff's counsel, upon information

3    and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal

4    knowledge.  Plaintiff's information and belief are based upon, *inter alia*, counsel's investigation,

5    which included, among other things, review and analysis of: (i) regulatory filings made by

6    Freshworks Inc. ("Freshworks" or the "Company") with the U.S. Securities and Exchange

7    Commission ("SEC"); (ii) press releases and media reports issued by and disseminated by the

8    Company; and (iii) analyst reports, media reports, and other publicly disclosed reports and

9    information about the Company.  Plaintiff believes that substantial evidentiary support will exist

10   for the allegations set forth herein after a reasonable opportunity for discovery.

11                          **NATURE AND SUMMARY OF THE ACTION**

12       1.      Plaintiff brings this federal class action under §§11, 12, and 15 of the Securities Act

13   of 1933 ("Securities Act") against (i) Freshworks, (ii) certain of the Company's senior executives

14   and directors who signed the Registration Statement, effective September 21, 2021, issued in

15   connection with the Company's initial public offering (the "IPO" or the "Offering"), and the

16   underwriters of the Offering.  Plaintiff alleges that the Registration Statement and Prospectus (filed

17   with the SEC on August 27, 2021 and September 22, 2021, respectively), including all

18   amendments thereto, contained materially incorrect or misleading statements and/or omitted

19   material information that was required by law to be disclosed.  Defendants are each strictly liable

20   for such misstatements and omissions therefrom (subject only to their ability to establish a "due

21   diligence" affirmative defense).

22       2.      Freshworks, which is headquartered in San Mateo, California, provides customer

23   engagement software for businesses.  On or about September 22, 2021 Freshworks conducted its

24   IPO, offering 28.5 million shares of its common stock to the investing public at a price of $36 per

25   share (the "Offering Price").  Defendants anticipated generating gross proceeds of over $1 billion

26   from the IPO.

27       3.      According to the Offering Documents, Freshworks' business had "grown rapidly"

28   in the lead up to the IPO and the Company observed "broad appeal of [its] products to customers

of all sizes and geographies." Consequently, the Company's growth rates and purportedly "healthy" net dollar retention rates reached levels not previously achieved, and there was no indication that either was decelerating.

4.      Unbeknownst to Plaintiff and other potential investors, however, at the time of the IPO, Freshworks' revenue growth and billings had encountered obstacles.

5.      As these true facts emerged after the Offering, the Company's shares fell sharply. By the commencement of this action, Freshworks' shares traded as low as $10.51 per share, a decline of nearly 70% from the Offering Price.

6.      By this action, Plaintiff, on behalf of himself and other members of the Class (defined below) who also acquired Freshworks' shares pursuant and traceable to the Offering, now seeks to obtain a recovery for the damages suffered as a result of Defendants' violations of the Securities Act, as alleged herein.

7.      The claims asserted herein are purely strict liability and negligence claims.  Plaintiff expressly eschews any allegation sounding in fraud.

## JURISDICTION AND VENUE

8.      The claims asserted herein arise under and pursuant to §§11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2), and 77o, respectively.

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §22 of the Securities Act, 15 U.S.C. §77v.

10.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because the acts and transactions giving rise to the violations of law complained of occurred, in part, in this District, including the dissemination of false and misleading statements into this District, certain Defendants reside and/or transact business in this District, and the Company maintains its corporate headquarters in this District.

11.     In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the U.S. mail, interstate telephone communications, and the facilities of a national securities exchange.

12.   **Divisional Assignment**: This action should be assigned to the San Francisco Division of this Court, as the Company is headquartered in San Mateo County, California, under Civil Local Rule 3-2(d).

## PARTIES

**A.      Plaintiff**

13.   Plaintiff, as set forth in his accompanying certification, purchased shares of the Company's common stock that were issued pursuant and traceable to the Registration Statement and Offering, and was damaged thereby.

**B.      Defendants**

**1.      The Company**

14.   Defendant Freshworks is a San Mateo, California-based company that provides a Software as a Service (or SaaS) platform that enables small- and medium-sized businesses to support customers through e-mail, phone, website, and social networks. The Company offers multi-product support, a knowledge base, self-service portal, community forums, and tools to leverage mainstream social media for customer support.  Incorporated under the laws of the state of Delaware, Freshworks maintains its principle executive offices at 2950 S. Delaware Street, Suite 201, San Mateo, California 94403.  Freshworks' common stock is listed on the NASDAQ under the ticker symbol "FRSH."

**2.      The Individual Defendants**

15.   Defendant Rathna Girish Mathrubootham ("Mathrubootham") is, and was at all relevant times, Chief Executive Officer and Chairman of the Freshworks' Board of Directors (the "Board").  Defendant Mathrubootham reviewed, approved, and participated in making statements in the Offering Documents, which he signed.

16.   Defendant Tyler Sloat ("Sloat") is, and was at all relevant times, Freshworks' Chief Financial Officer.  Defendant Sloat reviewed, approved, and participated in making statements in the Offering Documents, which he signed.

17.     Defendant Roxanne S. Austin ("Austin") is, and was at all relevant times, a director on the Board.  Defendant Austin reviewed, approved, and participated in making statements in the Offering Documents, which she signed.

18.     Defendant Johanna Flower ("Flower") is, and was at all relevant times, a director on the Board.  Defendant Flower reviewed, approved, and participated in making statements in the Offering Documents, which she signed.

19.     Defendant Sameer Gandhi ("Gandhi") is, and was at all relevant times, a director on the Board.  Defendant Gandhi reviewed, approved, and participated in making statements in the Offering Documents, which he signed.

20.     Defendant Randy Gottfried ("Gottfried") is, and was at all relevant times, a director on the Board.  Defendant Gottfried reviewed, approved, and participated in making statements in the Offering Documents, which he signed.

21.     Defendant Zachary Nelson ("Nelson") is, and was at all relevant times, a director on the Board.  Defendant Nelson reviewed, approved, and participated in making statements in the Offering Documents, which he signed.

22.     Defendant Barry Padgett ("Padgett") is, and was at all relevant times, a director on the Board.  Defendant Padgett reviewed, approved, and participated in making statements in the Offering Documents, which he signed.

23.     Defendant Jennifer Taylor ("Taylor") is, and was at all relevant times, a director on the Board.  Defendant Taylor reviewed, approved, and participated in making statements in the Offering Documents, which she signed.

24.     Defendants Mathrubootham, Sloat, Austin, Flower, Gandhi, Gottfried, Nelson, Padgett, and Taylor are collectively referred to herein as the "Individual Defendants."

### 3.     The Underwriter Defendants

25.     The Underwriter Defendants were also instrumental in soliciting investors and in making the Freshworks shares that were offered and sold in or traceable to the IPO available to Plaintiff and the other members of the Class.  The table below lists each of the Underwriter Defendants, together with the number of allotted shares that each sold in the IPO:

| Name | Number of Shares |
|------|------------------|
| **Morgan Stanley & Co. LLC** | 9,025,001 |
| **J.P. Morgan Securities LLC** | 7,125,001 |
| **BofA Securities, Inc.** | 4,207,144 |
| Jefferies LLC | 1,628,571 |
| Barclays Capital Inc. | 1,628,571 |
| Robert W. Baird & Co. Incorporated | 542,857 |
| Canaccord Genuity LLC | 542,857 |
| JMP Securities LLC | 542,857 |
| Needham & Company, LLC | 542,857 |
| Nomura Securities International, Inc. | 542,857 |
| Oppenheimer & Co. Inc. | 542,857 |
| Piper Sandler & Co. | 542,857 |
| Raymond James & Associates, Inc. | 542,857 |
| Amerivet Securities, Inc. | 135,714 |
| CastleOak Securities, L.P. | 135,714 |
| Samuel A. Ramirez & Company, Inc. | 135,714 |
| R. Seelaus & Co., LLC | 135,714 |

26.     Defendant Morgan Stanley & Co. LLC ("Morgan Stanley") was an underwriter of the Company's IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.  Morgan Stanley acted as a representative of all the underwriters.  Morgan Stanley also participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  Morgan Stanleys' participation in and its solicitation of offers in connection with the IPO were motivated by its financial interests.  Defendant Morgan Stanley conducts business in this District.

27.     Defendant J.P. Morgan Securities LLC ("J.P. Morgan") was an underwriter of the Company's IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.  J.P. Morgan acted as a representative of all the underwriters.  J.P. Morgan also participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  J.P. Morgan's participation in and its solicitation of offers in connection

with the IPO were motivated by its financial interests.  Defendant J.P. Morgan conducts business in this District.

28.    Defendant BofA Securities, Inc. ("BofA") was an underwriter of the Company's IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.  BofA acted as a representative of all the underwriters.  BofA also participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  BofA participation in and its solicitation of offers in connection with the IPO were motivated by its financial interests. Defendant BofA conducts business in this District.

29.    Defendant Jefferies LLC ("Jefferies") was an underwriter of the Company's IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.   Jefferies participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  Jefferies' participation in and its solicitation of offers in connection with the IPO were motivated by its financial interests.  Defendant Jefferies conducts business in this District.

30.    Defendant Barclays Capital Inc. ("Barclays") was an underwriter of the Company's IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.   Barclays participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  Barclays' participation in and its solicitation of offers in connection with the IPO were motivated by its financial interests.  Defendant Barclays conducts business in this District.

31.    Defendant Robert W. Baird & Co. Incorporated ("Baird") was an underwriter of the Company's IPO, serving as a financial advisor for and assisting in the preparation and

dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.  Baird participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  Baird's participation in and its solicitation of offers in connection with the IPO were motivated by its financial interests.  Defendant Baird conducts business in this District.

32.    Defendant Canaccord Genuity LLC ("Canaccord Genuity") was an underwriter of the Company's IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.  Canaccord Genuity participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  Canaccord Genuity's participation in and its solicitation of offers in connection with the IPO were motivated by its financial interests.  Defendant Canaccord Genuity conducts business in this District.

33.    Defendant JMP Securities LLC ("JMP") was an underwriter of the Company's IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.   JMP participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  JMP's participation in and its solicitation of offers in connection with the IPO were motivated by its financial interests.  Defendant JMP conducts business in this District.

34.    Defendant Needham & Company, LLC ("Needham") was an underwriter of the Company's IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.  Needham participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  Needham's participation in and its solicitation of offers

1  in connection with the IPO were motivated by its financial interests.  Defendant Needham conducts

2  business in this District.

3        35.     Defendant Nomura Securities International, Inc. ("Nomura") was an underwriter of

4  the Company's IPO, serving as a financial advisor for and assisting in the preparation and

5  dissemination of the Company's material inaccurate, misleading, and incomplete Offering

6  Documents.  Nomura participated in conducting and promoting the roadshow for the IPO and

7  paying for the expenses of the Individual Defendants who participated in the roadshow, including

8  lodging and travel, among other expenses.  Nomura's participation in and its solicitation of offers

9  in connection with the IPO were motivated by its financial interests.  Defendant Nomura conducts

10 business in this District.

11       36.     Defendant Oppenheimer & Co. Inc. ("Oppenheimer") was an underwriter of the

12 Company's IPO, serving as a financial advisor for and assisting in the preparation and

13 dissemination of the Company's material inaccurate, misleading, and incomplete Offering

14 Documents.  Oppenheimer participated in conducting and promoting the roadshow for the IPO

15 and paying for the expenses of the Individual Defendants who participated in the roadshow,

16 including lodging and travel, among other expenses.  Oppenheimer's participation in and its

17 solicitation of offers in connection with the IPO were motivated by its financial interests.

18 Defendant Oppenheimer conducts business in this District

19       37.     Defendant Piper Sandler & Co. ("Piper Sandler") was an underwriter of the

20 Company's IPO, serving as a financial advisor for and assisting in the preparation and

21 dissemination of the Company's material inaccurate, misleading, and incomplete Offering

22 Documents.  Piper Sandler participated in conducting and promoting the roadshow for the IPO and

23 paying for the expenses of the Individual Defendants who participated in the roadshow, including

24 lodging and travel, among other expenses.  Piper Sandler's participation in and its solicitation of

25 offers in connection with the IPO were motivated by its financial interests.  Defendant Piper

26 Sandler conducts business in this District.

27       38.     Defendant Raymond James & Associates, Inc. ("Raymond James") was an

28 underwriter of the Company's IPO, serving as a financial advisor for and assisting in the

preparation and dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.  Raymond James participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  Raymond James' participation in and its solicitation of offers in connection with the IPO were motivated by its financial interests.  Defendant Raymond James conducts business in this District.

39.     Defendant Amerivet Securities, Inc. ("Amerivet") was an underwriter of the Company's IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.  Amerivet participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  Amerivet's participation in and its solicitation of offers in connection with the IPO were motivated by its financial interests.  Defendant Amerivet conducts business in this District.

40.     Defendant CastleOak Securities, L.P. ("CastleOak") was an underwriter of the Company's IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.  CastleOak participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  CastleOak's participation in and its solicitation of offers in connection with the IPO were motivated by its financial interests.  Defendant CastleOak conducts business in this District.

41.     Defendant Samuel A. Ramirez & Company, Inc. ("Ramirez") was an underwriter of the Company's IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.  Ramirez participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  Ramirez's participation in and its solicitation of offers

in connection with the IPO were motivated by its financial interests.  Defendant Ramirez conducts business in this District.

42.     Defendant R. Seelaus & Co., LLC ("Seelaus") was an underwriter of the Company's IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's material inaccurate, misleading, and incomplete Offering Documents.  Seelaus participated in conducting and promoting the roadshow for the IPO and paying for the expenses of the Individual Defendants who participated in the roadshow, including lodging and travel, among other expenses.  Seelaus' participation in and its solicitation of offers in connection with the IPO were motivated by its financial interests.  Defendant Seelaus conducts business in this District.

43.     Defendants listed in ¶¶26-42 are collectively referred to herein as the "Underwriter Defendants."

44.     Pursuant to the Securities Act, each Underwriter Defendant is liable for the materially inaccurate, misleading, and incomplete statements in the Offering Documents.  In addition, although not an element of Plaintiff's claims and an issue on which each Underwriter Defendant bears the burden of proof to the extent it seeks to assert it as an affirmative defense, no Underwriter Defendant conducted an adequate due diligence investigation in connection with the matters alleged herein and will accordingly be unable to establish a statutory "due diligence" affirmative defense under the Securities Act.  Each Underwriter Defendant committed acts and omissions that were a substantial factor leading to the harm complained of herein.

45.     Each Underwriter Defendant named herein is an investment banking firm whose activities include, *inter alia*, the underwriting of public offerings of securities.  As the underwriters of the IPO, the Underwriter Defendants earned lucrative underwriting fees.

46.     As underwriters, the Underwriter Defendants met with potential investors in the IPO and presented highly favorable, but materially incorrect and/or materially misleading, information about the Company, its business, products, plans, and financial prospects, and/or omitted to disclose material information required to be disclosed under the federal securities laws and applicable regulations promulgated thereunder.

47.     Representatives of the Underwriter Defendants also assisted Freshworks and the Individual Defendants in planning the IPO.  They further purported to conduct an adequate and reasonable investigation into the business, operations, products, and plans of the Company, an undertaking known as a "due diligence" investigation.  During the course of their "due diligence," the Underwriter Defendants had continual access to confidential corporate information concerning the Company's business, financial condition, products, plans, and prospects.

48.     In addition to having access to internal corporate documents, the Underwriter Defendants and/or their agents, including their counsel, had access to Freshworks' management, directors, and lawyers to determine: (i) the strategy to best accomplish the IPO; (ii) the terms of the IPO, including the price at which Freshworks' common stock would be sold; (iii) the language to be used in the Offering Documents; (iv) what disclosures about Freshworks would be made in the Offering Materials; and (v) what responses would be made to the SEC in connection with its review of the Offering Materials.  As a result of those constant contacts and communications between the Underwriter Defendants' representatives and Freshworks' management, directors, and lawyers, at a minimum, the Underwriter Defendants should have known of Freshworks' undisclosed then-existing problems and plans, and the Offering Document's materially inaccurate, misleading, and incomplete statements and omissions, as detailed herein.

49.     The Underwriter Defendants also demanded and obtained an agreement from Freshworks under which Freshworks agreed to indemnify and hold the Underwriter Defendants harmless from any liability under the Securities Act.

50.     The Underwriter Defendants caused the Registration Statement to be filed with the SEC and declared effective in connection with the IPO, so that they, and the Individual Defendants, could offer to sell, and sell, Freshworks shares to Plaintiff and other members of the Class pursuant (or traceable) to the Offering Documents.

**SUBSTANTIVE ALLEGATIONS**

51.     On August 27, 2021, Freshworks filed with the SEC a draft registration statement on Form S-1, which would be used for the IPO following a series of amendments in response to SEC comments.  On September 20, 2021, Freshworks filed its final amendment to the Registration

Statement, which registered 31.35 million Freshworks shares for public sale, including 2.85 million shares that the Underwriter Defendants had the option to purchase, solely to cover over-allotments.  The SEC declared the Registration Statement effective on September 21, 2021.  On September 22, 2021, Defendants priced the IPO at $36 per share and filed the final Prospectus for the IPO, which forms part of the Registration Statement.

52.    The Offering Documents were negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading, and were not prepared in accordance with the rules and regulations governing their preparation.

53.    According to the Offering Documents, Freshworks' business had "grown rapidly" in the lead up to the IPO, with the Company observing "broad appeal of [its] products to customers of all sizes and geographies." As a result, the Company's growth rates and purportedly "healthy" net dollar retention rates, reflecting the usage of its products from existing customers and the sale of additional products to these customers, reached levels not previously achieved, and there was no indication that either was decelerating.  Rather, the Offering Documents repeatedly and prominently touted Freshworks' 118% net dollar retention rate for the period ended June 30, 2021, which represented a noteworthy increase from the 107%, 111%, and 112% net dollar retention rates achieved as of June 30, 2020, December 31, 2020 and March 31, 2021, respectively, as well as Freshworks' year-over-year revenue growth rate of 53% (as of June 30, 2021), which likewise represented a significant increase over the Company's 45% year-over-year growth rate for the period ended December 31, 2020, to convince prospective investors that the business was continuing to thrive.

54.    The Offering Documents, however, were false and misleading and omitted to state that, ***at the time of the Offering***, Freshworks' net dollar retention rate had plateaued while its revenue growth rate and billings were, in fact, decelerating.

55.    Defendants were required to disclose this material information in the Offering Documents for at least three independent reasons.  First, SEC Regulation S-K, 17 C.F.R. §229.303 (Item 303), required disclosure of any known events or uncertainties that at the time of the Offering

had caused, or were reasonably likely to cause, Freshworks' disclosed financial information not to be indicative of future operating results.  At the time of the Offering, Freshworks possessed information showing that its revenue growth and billings were decelerating.  In addition, that Freshworks' net dollar retention rate had stalled.  These undisclosed negative events and trends were likely to (and in fact, did) materially and adversely affect Freshworks' financial state and rendered the disclosed results and trends in the Offering Documents misleading and not indicative of the Company's future operating results.

56.    Second, SEC Regulation S-K, 17 C.F.R. §229.105 (Item 105), required, in the "Risk Factor" section of the Offering Documents, a discussion of the most significant factors that make the offering risky or speculative, and that each risk factor adequately describes the risk. Freshworks' discussion of risk factors did not adequately warn potential investors about the already occurring negative results and trends the Company was observing in Freshworks' revenue growth, net dollar retention rate, and billings.

57.    Third, Defendants' failure to disclose the aforementioned material information rendered false and misleading the Offering Documents' many references to known risks that, "if" occurring "might" or "could" affect the Company.  As the Company eventually revealed, these "risks" had already materialized at the time of the Offering.

58.    Freshworks' stock declined after the Company announced its fourth fiscal quarter of 2021 earnings on February 10, 2022, during which it reported flat calculated billings growth (of 41% when normalized for early renewals and reserve activity) and revenue growth deceleration (of only 44% year over year).  On this news, Freshworks' stock dropped 18%, closing on February 11, 2022 at $18.41 per share.

59.    Then, on May 3, 2022, after the market closed, Freshworks reported its first quarter 2022 financial results, reporting a third quarter of decelerating revenue growth and billings that missed consensus estimates and declined 13% quarter over quarter.

60.    Many analysts immediately responded by reducing their price targets.  For example, on May 4, 2022, after characterizing the quarter as "mixed," and highlighting how Freshworks'

13

1  revenue growth has "decelerat[ed]" three consecutive quarters, including during the period within

2  which Freshworks went public, JMP dropped its price target from $41 to $29.

3      61.     The market likewise responded.  On May 5, 2022, Freshworks closed at $15.99 per

4  share, down approximately 5.72% over two days.

5      62.     By the time this case was filed, the Company's stock traded as low as $10.51 per

6  share, or nearly 70% below the $36 IPO offering price.



## **CLASS ACTION ALLEGATIONS**

14      63.     Plaintiff repeats and realleges each and every allegation contained above as if fully

15  set forth herein.

16      64.     Plaintiff brings this action as a class action, pursuant to Rule 23(a) and 23(b)(3) of

17  the Federal Rules of Civil Procedure, on behalf of a class consisting of all persons and entities that

18  purchased, or otherwise acquired, Freshworks common stock issued in connection with the

19  Company's IPO.

20      65.     Excluded from the Class are: (i) Defendants; (ii) present or former executive

21  officers of Freshworks, members of the Freshworks' Board, and members of their immediate

22  families (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (iii) any of the

23  foregoing persons' legal representatives, heirs, successors, or assigns; and (iv) any entities in

24  which Defendants have or had a controlling interest, or any affiliate of Freshworks.

25      66.     The members of the Class are so numerous that joinder of all members is

26  impracticable.  The Company's common stock was actively traded on the NASDAQ, a national

27  securities exchange.  While the exact number of Class members is unknown to Plaintiff at this

28  time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are

hundreds or thousands of members in the Class.  Record owners and other members of the Class may be identified from records maintained by Freshworks or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in securities class actions.

67.   Plaintiff's claims are typical of the claims of Class members, who were all similarly affected by Defendants' wrongful conduct in violation of the federal securities laws.  Further, Plaintiff will fairly and adequately protect the interests of Class members and has retained counsel competent and experienced in class and securities litigation.

68.   Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

(a)   whether Defendants violated the Securities Act;

(b)   whether statements made by Defendants to the investing public misrepresented material facts about the business, operations, and prospects of Freshworks;

(c)   whether statements made by Defendants to the investing public omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

(d)   the extent of damage sustained by Class members and the appropriate measure of damages.

69.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Further, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for Class members to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

1

**CLAIM ONE**

2

**For Violations of §11 of the Securities Act**
**(Against All Defendants)**

3

4      70.     Plaintiff repeats and realleges each and every allegation contained above as if fully

5   set forth herein.

6      71.     This claim is brought pursuant to §11 of the Securities Act, 15 U.S.C. §77k, on

7   behalf of the Class, against all Defendants.  This is a non-fraud cause of action.  Plaintiff does not

8   assert that Defendants committed intentional or reckless misconduct or that Defendants acted with

9   scienter or fraudulent intent.

10      72.     The Offering Documents were inaccurate and misleading, contained untrue

11  statements of material facts, omitted facts necessary to make the statements made therein not

12  misleading, and omitted to state material facts required to be stated therein.

13      73.     The Company is the registrant of the securities purchased by Plaintiff and the Class.

14  As such, the Company is strictly liable for the materially inaccurate statements contained in the

15  Offering Documents and the failure of the Offering Documents to be complete and accurate.  By

16  virtue of the Offering Documents containing material misrepresentations and omissions of material

17  fact necessary to make the statements therein not false and misleading, Freshworks is liable under

18  §11 of the Securities Act to Plaintiff and the Class.

19      74.     The Individual Defendants each signed the Offering Documents and caused their

20  issuance.  As such, each is strictly liable for the materially inaccurate statements contained in the

21  Offering Documents and the failure of the Offering Documents to be complete and accurate, unless

22  they are able to carry their burden of establishing an affirmative "due diligence" defense.  The

23  Individual Defendants each had a duty to make a reasonable and diligent investigation of the

24  truthfulness and accuracy of the statements contained in the Offering Documents and ensure that

25  they were true and accurate, there were no omissions of material facts that would make the

26  Offering Documents misleading, and the documents contained all facts required to be stated

27  therein.  In the exercise of reasonable care, the Individual Defendants should have known of the

28  material misstatements and omissions contained in the Offering Documents and also should have

1   known of the omissions of material fact necessary to make the statements made therein not

2   misleading.  Accordingly, the Individual Defendants are liable to Plaintiff and the Class.

3        75.    The Underwriter Defendants each served as underwriters in connection with the

4   IPO.  As such, each is strictly liable for the materially inaccurate statements contained in the

5   Offering Documents and the failure of the Offering Documents to be complete and accurate, unless

6   they are able to carry their burden of establishing an affirmative "due diligence" defense.  The

7   Underwriter Defendants each had a duty to make a reasonable and diligent investigation of the

8   truthfulness and accuracy of the statements contained in the Offering Documents.  They had a duty

9   to ensure that such statements were true and accurate, there were no omissions of material facts

10  that would make the Offering Documents misleading, and the documents contained all facts

11  required to be stated therein.  In the exercise of reasonable care, the Underwriter Defendants should

12  have known of the material misstatements and omissions contained in the Offering Documents

13  and also should have known of the omissions of material facts necessary to make the statements

14  made therein not misleading.  Accordingly, each of the Underwriter Defendants is liable to

15  Plaintiff and the Class.

16       76.    Defendants acted negligently in preparing the Offering Documents.  None of the

17  Defendants named in this Claim made a reasonable investigation or possess reasonable grounds

18  for the belief that the statements contained in the Offering Documents were true and without

19  omission of any material facts and were not misleading.  In alleging the foregoing, Plaintiff

20  specifically disclaims any allegation of fraud.

21       77.    By reasons of the conduct herein alleged, each Defendant named in this claim

22  violated §11 of the Securities Act.

23       78.    None of the untrue statements or omissions of material fact in the Offering

24  Documents alleged herein was a forward-looking statement.  Rather, each such statement

25  concerned existing facts.  Moreover, the Offering Documents did not properly identify any of the

26  untrue statements as forward-looking statements and did not disclose information that undermined

27  the putative validity of these statements.

28

79.     Plaintiff acquired the Company's securities pursuant or traceable to the Offering Documents and without knowledge of the untruths and/or omissions alleged herein.   Plaintiff sustained damages, and the price of the Company's shares declined substantially due to material misstatements in the Offering Documents.

80.     This Claim is brought within one year after the discovery of the untrue statements and omissions and within three years of the date of the Offering.

81.     By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages under §11, as measured by the provisions of §11(e), from the Defendants and each of them, jointly and severally.

**CLAIM TWO**

**For Violations of §12(a) of the Securities Act**
**(Against All Defendants)**

82.     Plaintiff repeats and realleges each and every allegation contained above, as if fully set forth herein.

83.     By means of the defective Prospectus, Defendants promoted, solicited, and sold Freshworks shares to Plaintiff and other members of the Class.

84.     The Prospectus for the IPO contained untrue statements of material fact, and concealed and failed to disclose material facts, as detailed above.  Defendants owed Plaintiff, and the other members of the Class who purchased Freshworks shares pursuant to the Prospectus, the duty to make a reasonable and diligent investigation of the statements contained in the Prospectus, to ensure that such statements were true and that there was no omission to state a material fact required to be stated, in order to make the statements contained therein not misleading. Defendants, in the exercise of reasonable care, should have known of the misstatements and omissions contained in the Prospectus, as set forth above.

85.     Plaintiff did not know, nor in the exercise of reasonable diligence could Plaintiff have known, of the untruths and omissions contained in the Prospectus at the time Plaintiff acquired Freshworks shares.

86.     By reason of the conduct alleged herein, Defendants violated §12(a)(2) of the Securities Act, 15 U.S.C. §77l(a)(2).  As a direct and proximate result of such violations, Plaintiff and the other members of the Class who purchased Freshworks securities, pursuant to the Prospectus, sustained substantial damages in connection with their purchases of the shares. Accordingly, Plaintiff and the other members of the Class who hold Freshworks securities issued pursuant to the Prospectus have the right to rescind and recover the consideration paid for their shares, and hereby tender their Freshworks shares to Defendants sued herein.  Class members who have sold their Freshworks securities seek damages to the extent permitted by law.

## CLAIM THREE

### For Violations of §15 of the Securities Act
### (Against the Individual Defendants)

87.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

88.     This claim is brought pursuant to §15 of the Securities Act, 15 U.S.C. §77o, on behalf of the Class, against each of the Individual Defendants.

89.     The Individual Defendants were controlling persons of the Company within the meaning of §15 of the Securities Act.  By reason of their ownership interest in, senior management positions at, and/or directorships held at the Company, as alleged above, these Defendants invested in, individually and collectively, and had the power to influence, and exercised the same over, the Company to cause it to engage in the conduct complained of herein.  Similarly, each of the other Individual Defendants not only controlled those subject to liability as primary violators of §11 of the Securities Act, as alleged above, he or she directly participated in controlling Freshworks by having signed, or authorized the signing of, the Registration Statement and authorizing the issuance of Freshworks securities to Plaintiff and members of the Class.

90.     As control persons of Freshworks, each of the Individual Defendants is jointly and severally liable pursuant to §15 of the Securities Act with and to the same extent as Freshworks for its violations of §11 of the Securities Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on Plaintiff's own behalf and on behalf of the Class, prays for relief and judgement as follows:

A.    Declaring that this action is a proper class action, pursuant to Federal Rule of Civil Procedure 23, certifying Plaintiff as a representative of the Class, and designating Plaintiff's counsel as Class Counsel;

B.    Awarding Plaintiff and the other members of the Class compensatory damages;

C.    Awarding Plaintiff and the other members of the Class rescission on their §12(a)(2) claims;

D.    Awarding Plaintiff and the other members of the Class pre-judgment and post-judgment interest, as well as reasonable attorneys' fees, expert witness fees, and other costs and disbursements; and

E.    Awarding Plaintiff and the other members of the Class such other and further relief as the Court may dem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury of all issues that may be so tried.

DATED:  November 1, 2022

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

s/ *John T. Jasnoch*

John T. Jasnoch (CA 281605)
Hal Cunningham (CA 243048)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: (619) 233-4565
jjasnoch@scott-scott.com
hcunningham@scott-scott.com

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV
(*pro hac vice* filed herewith)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 233-6444
tlaughlin@scott-scott.com

**THE SCHALL LAW FIRM**
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Counsel for Plaintiff Mohan R. Sundaram
and the Proposed Class*

## CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

I, Mohan R. Sundaram, hereby certify that the following is true and correct to the best of my knowledge, information, and belief:

1.  I have reviewed a complaint against Freshworks Inc. ("Freshworks" or the "Company") and authorize Scott+Scott Attorneys at Law LLP to file a comparable complaint on my behalf.

2.  I am willing to serve as a representative party on behalf of all persons and entities that purchased, or otherwise acquired, Freshworks' common stock pursuant and/or traceable to the Company's public offering held on or about September 22, 2021, including providing testimony at deposition and trial if necessary.

3.  During the relevant period, I purchased and/or sold the security that is the subject of the complaint, as set forth in the attached **Schedule A**.

4.  I did not engage in the foregoing transactions at the direction of counsel nor in order to participate in any private action arising under the Securities Act of 1933 (the "Securities Act") or the Securities Exchange Act of 1934 (the "Exchange Act").

5.  During the three-year period preceding the date of my signing this Certification, I have not sought to serve, or served, as a representative party or lead plaintiff on behalf of a class in any private action arising under the Securities Act or the Exchange Act.

6.  I will not accept any payment for serving as a representative party on behalf of the Class beyond the *pro rata* share of any recovery, except for such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/25/2022 at Greenwich, Connecticut.

DocuSigned by:

Mohan Sundaram

12C2B66E83A248B...

**Mohan R. Sundaram**

# Schedule A

**FRESHWORKS INC-CL A**                              Ticker:     **FRSH**        Cusip:     **358054104**

Class Period: 09/21/2021 to 11/01/2022

**Mohan R. Sundaram**                                        DATE        SHARES      PRICE

                                                  **Purchases:**  9/23/2021   1,000       $46.00