IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAN R. SUNDARAM, et al., | Case No. 22-cv-06750-CRB |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| FRESHWORKS INC, et al., | |
| Defendants. | |

Plaintiff Mohan Sundaram, on behalf of a purported class of investors, sued Freshworks Inc. and its executives, directors, and IPO underwriters for violations of Sections 11 and 15 of the Securities Act of 1933. Defendants moved to dismiss, and the Court granted Defendants' motion in large part. MTD Order (dkt. 81), 2023 WL 6390622. The Court denied Defendants' motion only with respect to Defendants' alleged misstatements and omissions based on Item 303 of SEC Regulation S-K. Id. at 13–15.

Defendants now move for judgment on the pleadings, asserting that Sundaram is unable to show that he (and members of the prospective class) is entitled to damages under the Securities Act. For the following reasons, the Court **DENIES** Defendants' motion.

## I. BACKGROUND

The Court has already described Plaintiff's allegations of fact, see MTD Order at 1–5, and repeats here only those allegations relevant to this motion. As at the motion to dismiss stage, the Court takes as true all the allegations in the non-movant's pleadings. Lyon v. Chase Bank USA, N.A., 656 F.3d 877, 883 (9th Cir. 2011).

Freshworks, a software company, went public on September 22, 2021 at a stock price of $36.00 per share. Am. Compl. (dkt. 70) ¶¶ 18, 58. Leading up to the IPO,

Defendants touted Freshworks's strength in three metrics: (1) the year-over-year revenue growth rate, (2) the calculated billings growth rate, and (3) the net dollar retention rate. Id. ¶¶ 4–5, 61, 63, 67. In particular, Defendants' pre-IPO filings and statements highlighted that Freshworks's metrics were not only positive but accelerating through Q2 2021. Id.

Freshworks's Q3 2021 numbers were less impressive. Id. ¶¶ 78–82. Each of the three metrics above declined as compared to the company's Q2 2021 numbers. Id. Even though Defendants went public only a week before the end of the third quarter, they did not announce (in their pre-IPO filings or in any other statement) that their Q3 2021 numbers reflected a change from the prior trend of accelerating growth. Id. ¶¶ 5–6. Instead, Defendants announced the numbers on November 2, 2021; the next day, Freshworks stock dropped 14%, from $50.07 per share to $43.06. Id. ¶¶ 78–82; Freshworks Stock Price Data (dkt. 100-3).[1] Freshworks stock prices continued to drop, passing the offering price for the first time on November 15, 2021. See Stock Price Data. The stock price dropped more sharply in February and May 2022 following Defendants' release of Q4 2021 and Q1 2022 numbers, respectively. Am. Compl. ¶¶ 83–91.

Plaintiff sued Freshworks and its executives, directors, and IPO underwriters in November 2022. Among other theories of liability, Plaintiff asserted that Defendants violated Item 303 of SEC Regulation S-K, which requires the disclosure of "any known trends or uncertainties that have had or that are reasonably likely to have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations." Id. ¶ 93 (quoting 17 C.F.R. § 229.303). In September 2023, the Court partially granted Defendants' motion to dismiss, allowing Plaintiffs to proceed only on their Item 303 theory. MTD Order at 13–15.

## II. DISCUSSION

A Rule 12(c) motion for judgment on the pleadings "is properly granted when, taking all the allegations in the pleadings as true, a party is entitled to judgment as a matter

---

[1] Both parties agree that the Court may take judicial notice of public stock price data. See Primo v. Pac. Biosciences of Cal., Inc., 940 F. Supp. 2d 1105, 1115 n.1 (N.D. Cal. 2013).

of law." Lyon, 656 F.3d at 883. It must be "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co, 132 F.3d 526, 529 (9th Cir. 1997).

Defendants' argument is twofold: First, they assert that their November 2, 2021 disclosure of Freshworks's Q3 2021 numbers cannot give rise to a viable claim because Freshworks stock remained above its IPO price on November 3, 2021. Mot. at 4. Second, they argue that any subsequent drops in the price of Freshworks stock—particularly the drops in February and May 2022—can also not give rise to a viable claim because they were not caused by an alleged misrepresentation or omission of the Q3 2021 numbers (given that those numbers were public as of November 2, 2021). Id. at 4–7.

Defendants identify several important limitations on Plaintiff's theory of recovery. They are correct that § 11(e) of the Securities Act does not permit plaintiffs to recover for stock price declines above the IPO price. 15 U.S.C. § 77k(e); see also, e.g., Plichta v. SunPower Corp., 790 F. Supp. 2d 1012, 1023 (N.D. Cal. 2011) (barring recovery for losses suffered above the offering price). They are also correct that Plaintiffs will ultimately need to prove that any stock price declines below the IPO price were in fact caused by the alleged Item 303 violation. See, e.g., In re Nektar Therapeutics Sec. Litig., 34 F.4th 828, 838 (9th Cir. 2022) ("[T]he ultimate issue is whether the defendant's misstatement, as opposed to some other fact, foreseeably caused the plaintiff's loss." (citation omitted)). Plaintiff's recoverable losses in this case are limited to the losses he incurred (1) below the IPO price (2) that were caused by Defendants omitting from their disclosures in September 2021 "known trends or uncertainties that [] had or that [were] reasonably likely to have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations." 17 C.F.R. § 229.303.[2]

---

[2] Item 303's requirement that omissions be "known" precludes Plaintiff from recovering for downstream losses resulting from "further lowered growth." Opp. (dkt. 100) at 16; see also id. at 12 n.8 (discussing losses resulting from "continue[d] and worsen[ed]" growth deceleration in 2022). Plaintiff must tie any losses back to the Item 303 violation and what Defendants knew at the time—i.e., Freshworks's Q3 2021 numbers and any "trends or uncertainties" that those numbers would have revealed. See MTD Order at 14–15.

That said, Defendants do not carry their heavy burden of establishing beyond doubt that Plaintiff is not entitled to relief. Defendants' arguments would require the Court to conclude as a matter of law that their alleged omission of trends reflected in the Q3 2021 numbers had no negative impact on Freshworks stock as soon as November 15, 2021—the first day that Freshworks stock dropped below its offering price. See Stock Price Data. While the influence of Defendants' alleged omissions may have dissipated over time, possibly long before Plaintiff filed this lawsuit, the Court cannot say based solely on the pleadings that Defendants' alleged Item 303 violation no longer affected Freshworks's financial state a mere two weeks after Defendants disclosed the Q3 2021 numbers. Such a question is better suited for summary judgment or trial, likely with the assistance of expert testimony. See Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc., 2015 WL 685159, at *4 (S.D.N.Y. Feb. 18, 2015) (explaining why it is difficult to rebut loss causation at the pleading stage without persuasive expert testimony).

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion for judgment on the pleadings.[3]

**IT IS SO ORDERED.**

Dated: October 1, 2024

CHARLES R. BREYER
United States District Judge

---

[3] This order vacates the hearing set for Friday, October 4, 2024. See Civ. Local R. 7.1(b).

4